## 57858. GREENE v. THE STATE.

BANKE, Judge.

The appellant was convicted of burglary for his part in the theft of money from a poolroom. On appeal, he contends that the state did not prove his lack of authority to enter the poolroom.

The owner of the poolroom testified on direct examination by the state as follows: Q. "Now, sir, can you tell us whether or not you gave them permission to go into your poolroom at any other time that day?" A. "No." The appellant contends that by answering, "No," the witness could have meant, "No, I can't tell you." *Held:*

The construction urged by the appellant is ludicrous in light of the other testimony at trial. On the night of the burglary, the owner heard noises coming from the poolroom and responded by getting his shotgun and going out to investigate. He saw the appellant and an accomplice jump over a fence and run. The accomplice testified for the state and admitted the burglary, stating that he and the appellant had to move a refrigerator and tear down a door to gain entry. The appellant testified in his own behalf and never intimated that he or his accomplice had been given authority to enter the building. In fact, he denied any part in the crime.

It is significant that the appellant never urged in the trial court, by motion for directed verdict or otherwise, the construction of the owner's testimony which he now urges on appeal. From this quiescence, from the evidence set forth above, and from other evidence which need not be mentioned, it is clear that the owner did not give the

appellant authority to enter his premises and that he so stated in his testimony.

The evidence amply supported the verdict.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

SUBMITTED MAY 3, 1979 — DECIDED JUNE 5, 1979.

*John E. Kardos,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.